Curia, per Johnson, Ch.
The question made on the circuit, as to the admissibility of John Baxter Fraser’s memorandum book in evidence, has not been renewed here. The court, therefore, will not go out of its way to decide it, especially as without it we are of opinion that the evidence sufficiently shews, that Samuel Fraser’s possession of the negroes was under a loan from John Baxter Fraser, and not an absolute gift. I thought so at the hearing on the circuit, and my confidence in the conclusion has not been shaken in the least by reviewing it here; and, on carefully looking into the facts proved, it will be found that there is no inconsistency or contradiction between the evidence of James McPherson and the other witnesses, except as to a point of time, about which either might be mistaken, and which was only important as connecting the declarations of Samuel Fraser contemporaneously with the entry in the memorandum book, and that with a view to its admissibility in evidence as a part of the res gestee. The court concur, therefore, in the opinion, that Samuel Fraser’s possession of the negroes was under a loan, and not an absolute gift from John Baxter Fraser, and that he might rightfully dispose of them by will.
*84 The grounds of the defendant’s appeal do not call in question his liability to account for the hire of the slaves now alive, from the time of the death of Samuel Fraser. But those on the part of the complainants insist, 1st. That defendant is further liable for the value, and consequently the hire, of all the negroes which died in his possession after the termination of Samuel Fraser’s life estate: and 2d. If not, then for all that have died since the conversion, (the time of the demand made.) The first oí these grounds is distinctly abandoned by the counsel for the complainants in a written argument furnished the court; and the second gives rise to a question which the court regard as of some importance, and which seems to have been entirely overlooked. Until the case of Young v. Burton, McM. Eq. 255, instances were very rare in which the.court entertained bills for the specific delivery of negroes or other chattels ; and the necessity for a specific delivery, in order to administer ample justice to the party complaining, is the foundation of the jurisdiction, and it becomes a question of some importance, whether, when the negro, or other chattel, has perished before the hearing of the cause, so that the specific delivery cannot be decreed, the jurisdiction of the court -is not gone. There may be — and the decided inclination of my mind is that there is — a distinction between cases where the property has perished after conversion and before suit brought, and where it perishes afterwards. In the first case I incline to think the remedy is at law; but, as it is intended to have the whole question reargued, I forbear to express any opinion on it. It does not appear from the evidence, nor was important to the decision of the questions before the circuit court, whether the negroes, referred to in the grounds of appeal, died before the bill was filed and after the conversion, or whether they died after the filing of the bill: that may be important on the final determination, and the commissioner of the court will be directed to ascertain the fact.
It is therefore ordered and decreed, that the commissioner of the circuit court do ascertain and report to this court at its next session, whether any, and how many, of the slaves, named in the bill, died between the conversion by the defendant and the filing of the bill, and whether any, and how many, died afterwards. And the Solicitors of the parties are requested to reargue the questions arising out of the second ground of the complainant’s appeal, and also the question of jurisdiction above stated. In all other matters the decree of the circuit court is affirmed.
Harper, Johnston and Dunkin, CC., concurred.